1  SEYFARTH SHAW LLP
   F. Scott Page (SBN 108515)
2  E-mail:  spage@seyfarth.com
   Jennifer Gentin (SBN 146888)
3  E-mail:  jgentin@seyfarth.com
   2029 Century Park East, Suite 3500
4  Los Angeles, California 90067-3021
   Telephone:  (310) 277-7200
5  Facsimile:  (310) 201-5219

6  Attorneys for Defendant SOUTHERN
   CALIFORNIA UNITED FOOD &
7  COMMERCIAL WORKERS UNIONS AND
   FOOD EMPLOYERS JOINT BENEFIT FUNDS
8  ADMINISTRATION, LLC

9

10              UNITED STATES DISTRICT COURT

11              CENTRAL DISTRICT OF CALIFORNIA

12

13  SONJI DUNCAN, an individual,        Case No. 8:14-cv-1619

14                  Plaintiff,          [OCSC Case No. 30-2014-00743116-
                                        CU-0E-CJC]
15       v.

16  SOUTHERN CALIFORNIA UNITED         **DEFENDANT'S NOTICE OF
   FOOD & COMMERCIAL WORKERS          REMOVAL PURSUANT TO 28
17  UNIONS AND FOOD EMPLOYERS         U.S.C. § 1441(b) (FEDERAL
   JOINT BENEFIT FUNDS                QUESTION)**
18  ADMINISTRATION, LLC, a California
   limited liability company; and Does 1
19  through 50, inclusive.,

20                  Defendant          Date Action Filed:  September 4, 2014

21

22

23

24       Defendant Southern California United Food & Commercial Workers Unions and

25  Food Employers Joint Benefit Funds Administration, LLC ("Defendant"), by and through

26  the undersigned counsel, and pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, files this

27  Notice of Removal with respect to the above captioned case, which was filed and

28

currently is pending in the Superior Court of Orange County, California. In support of its Notice of Removal, Defendant states as follows:

### Background and Timeliness

1.     On September 4, 2014, Sonji Duncan ("Plaintiff") commenced a civil action against Defendant by filing a complaint in Orange County Superior Court, California (the "Complaint"). The lawsuit is recorded on that court's docket as Case No. 2014-00743116-CU-0E-CJC. The Complaint alleges claims against Defendant for violation of the Family Medical Leave Act (29 U.S.C. § 2601 *et seq*.), and other related state statutory and common law claims. There are no other parties besides Defendant named in Plaintiff's Complaint.

2.     Defendant was served on September 8, 2014. Defendant filed an Answer to the Complaint on October 3, 2014. The summons and Complaint, together with the Answer, constitute "all summons, pleadings, and orders" in the state court action, and true and correct copies thereof are attached hereto as Exhibits A and B, respectively. *See* 28 U.S.C. § 1446(a).

3.     Because Defendant has filed this Notice of Removal within thirty days of Plaintiff's service of summons, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b).

### This Court Has Federal Question Jurisdiction

4.     In her Complaint, Plaintiff alleges a claim for violation of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*. ("FMLA") (Ex. A, Complaint, ¶¶106-121). Specifically, Plaintiff alleges that during her employment with Defendant, she became pregnant with twins, that her doctor rendered her "disabled," that she informed Defendant of her disability, and that her doctor placed her "off work" and on "modified activity at work and at home" during various periods beginning in September, 2013 and continuing through April, 2014. (Ex. A, Complaint, 2:12-26.) Based on these allegations, Plaintiff alleges that as a result of her "serious health condition" she was "qualified for and was

2

DEFENDANT'S NOTICE OF REMOVAL
CASE NO.

18132954v.1

entitled to leave under the Family and Medical Leave Act [sic]." (Ex. A, Complaint, ¶111.) Plaintiff further alleges that she was "never informed" of her rights under the Family Medical Leave Act, and that Defendant did not accommodate her alleged "disability, pregnancy and/or restrictions." (Ex. A, Complaint, 3:6-7.) Plaintiff seeks damages including "loss of earnings, reduced earning capacity in the future" along with "interest pursuant to 29 USC section 2617" and "liquidated damages pursuant to 29 USC section 2617." (Ex. A, Complaint, ¶¶114, 120-121).

5.    Pursuant to 28 U.S.C. § 1331, "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Plaintiff's lawsuit is a civil action arising under the laws of the United States --FMLA-- and this Court has jurisdiction over Plaintiff's lawsuit.

6.    Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Accordingly, Defendant's removal of Plaintiff's lawsuit to this Court is proper. 28 U.S.C.§ 1441(a).

7.    In addition to the FMLA claim, Plaintiff's Complaint also alleges discrimination based upon pregnancy (Gov. Code §§ 12926, 12940, *et seq.*); discrimination based upon disability (Gov. Code § 12940, *et seq.*); failure to accommodate (Gov. Code § 12940(k) and (m); failure to engage in the interactive process (Gov. Code § 12926.1(e)); retaliation (Gov. Code § 12940 *et seq.*); failure to take all reasonable steps to prevent discrimination and retaliation (Gov. Code § 12940 *et seq.*); intentional infliction of emotional distress and invasion of privacy.

8.    To the extent that the Complaint alleges these statutory, state common law or other non-federal claims, this Court has supplemental jurisdiction over any such claims pursuant to 28 U.S.C. § 1367 because those claims arise out of the same operative facts

3

18132954v.1

1    as Plaintiff's claim under FMLA and "form part of the same case or controversy under

2    Article III of the United States Constitution." 28 U.S.C. § 1367(a).

3    **Venue and Notice to State Court**

4         9.      Removal is appropriate "to the district court of the United States for the

5    district and division embracing the place where such action is pending." 28 U.S.C.

6    § 1441(a). Venue is proper in the Central District of California because this District

7    embraces the Superior Court of Orange County, California, where this lawsuit was filed

8    and is now pending.

9         10.     Pursuant to 28 U.S.C. § 1446(d), Defendant has filed a Notice of Filing of

10    Notice of Removal with the Superior Court of Orange County, California (the "Notice").

11    A copy of the Notice is attached hereto as Exhibit C. This Notice along with the Notice

12    of Removal are being served contemporaneously upon Plaintiff's counsel pursuant to 28

13    U.S.C. § 1446(d).

14    **No Related Cases Pending**

15         11.     To the best of Defendant's knowledge, there are no cases presently pending

16    in this Court that relate to the action that is the subject of this Notice of Removal.

17    **Conclusion**

18

19         12.     Based on the foregoing, this Court has original jurisdiction over this action

20    pursuant to 28 U.S.C. § 1331; therefore, the Court properly may exercise jurisdiction

21    over this lawsuit. 28 U.S.C.1441(a).

22         13.     Should Plaintiff seek to remand this case to state court, Defendant

23    respectfully asks that it be permitted to brief and argue the issue of this removal prior to

24    any order remanding this case.

25         14.     Defendant submits this Notice of Removal without waiving any defenses to

26    the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon

27    which relief can be granted, and without admitting that Plaintiff is entitled to any

28

4

18132954v.1

1  monetary or equitable relief whatsoever (or that the damages she seeks may be properly

2  sought).

3       For the foregoing reasons, Defendant respectfully requests that this civil action be,

4  and is hereby, removed to the United States District Court for the Central District of

5  California based on federal question jurisdiction, that this Court assume jurisdiction of

6  this civil action, and that this Court enter such other and further orders as may be

7  necessary to accomplish the requested removal and promote the ends of justice.

8

9  DATED: October  6, 2014                    Respectfully submitted,

10                                           SEYFARTH SHAW LLP

11

12                                           By:/s/  F. Scott Page
                                                F. Scott Page
13                                              Jennifer Gentin

14                                           Attorneys for Defendant
                                             SOUTHERN CALIFORNIA UNITED
15                                           FOOD & COMMERCIAL WORKERS
                                             UNIONS AND FOOD EMPLOYERS
16                                           JOINT BENEFIT FUNDS
                                             ADMINISTRATION, LLC

17

18

19

20

21

22

23

24

25

26

27

28
                                              5
18132954v.1

# EXHIBIT A

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
SOUTHERN CALIFORNIA UNITED FOOD & COMMERCIAL WORKERS UNIONS AND FOOD
EMPLOYERS JOINT BENEFIT FUNDS ADMINISTRATION, LLC, a California
limited liability company; and DOES 1 through 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
SONJI DUNCAN, an individual

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**09/04/2014** at 04:53:00 PM
Clerk of the Superior Court
By Norri Lau,Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Orange County Superior Court<br>700 Civic Center Drive West<br>Santa Ana, CA 92701 | 30-2014-00743116-CU-OE-CJC<br><br>Judge Kirk Nakamura |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jay S. Rothman
21900 Burbank Blvd., Suite 210
Woodland Hills, CA 91367

Jay S. Rothman & Associates
(818) 986-7870

| | | |
|---|---|---|
| 09/04/2014 | ALAN CARLSON, Clerk of the Court | Clerk, by _____ , Deputy<br>*(Secretario)*  Norri Lau  *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)
Martin Dean's
ESSENTIAL FORMS™

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

DUNCAN, Sonji

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
Jay S. Rothman 49739
Jay S. Rothman & Associates
21900 Burbank Blvd., Suite 210
Woodland Hills, CA 91367
TELEPHONE NO: (818) 986-7870 FAX NO: (818) 990-3019
ATTORNEY FOR (Name): Plaintiff, SONJI DUNCAN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE
STREET ADDRESS: 700 Civic Center Drive West
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Ana 92701
BRANCH NAME: Central Justice Center

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**09/04/2014** at 11:51:41 AM
Clerk of the Superior Court
By Joseph Villegas, Deputy Clerk

CASE NAME: SONJI DUNCAN V. SOUTHERN CALIFORNIA
UNITED FOOD & COMMERCIAL WORKERS, etc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 30-2014-00743116-CU-OE-CJC |
|---|---|---|
| [X] Unlimited  [ ] Limited | [ ] Counter  [ ] Joinder | |
| (Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE: Judge Kirk Nakamura  DEPT.: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[X] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought (check all that apply): a. [X] monetary b. [ ] nonmonetary; declaratory or injunctive relief c. [X] punitive
4. Number of causes of action (specify): nine
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: August 19, 2014

JAY S. ROTHMAN
(TYPE OR PRINT NAME)                    ▶                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
Martin Dean's
ESSENTIAL FORMS™

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

DUNCAN, Sonji

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**09/04/2014** at 11:51:41 AM
Clerk of the Superior Court
By Joseph Villegas,Deputy Clerk

1  JAY S. ROTHMAN & ASSOCIATES
   JAY S. ROTHMAN, ESQ. (SBN 49739)
2  21900 Burbank Blvd., Suite 210
   Woodland Hills, California 91367
3  Tel. (818) 986-7870; Fax  (818) 990-3019
   E-mail: lawyers@jayrothmanlaw.com
4

5  Attorney for Plaintiff
   SONJI DUNCAN
6

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                    **FOR THE COUNTY OF ORANGE**

10                                         30-2014-00743116-CU-OE-CJC

11  SONJI DUNCAN, an individual,        ) CASE NO.  Judge Kirk Nakamura
                                        )
12              Plaintiff,              ) COMPLAINT FOR DAMAGES
                                        )
13  vs.                                 ) 1.  DISCRIMINATION BASED UPON
                                        )     PREGNANCY (*Government*
14  SOUTHERN CALIFORNIA UNITED         )     *Code §§ 12926, 12940, et seq.*);
    FOOD & COMMERCIAL WORKERS          ) 2.  DISCRIMINATION BASED UPON
15  UNIONS AND FOOD EMPLOYERS          )     DISABILITY  (*Government*
    JOINT BENEFIT FUNDS                )     *Code §12940, et seq.*);
16  ADMINISTRATION, LLC, a California  ) 3.  FAILURE TO ACCOMMODATE
    limited liability company; and DOES 1 )     (*Government Code §12940(k) and*
17  through 50, inclusive,              )     (m));
                                        ) 4.  FAILURE TO ENGAGE IN THE
18              Defendants.             )     INTERACTIVE PROCESS
                                        )     (*Government Code §12926.1(e)*);
19                                      ) 5.  RETALIATION (*Government*
                                        )     *Code §12940, et seq.*);
20                                      ) 6.  FAILURE TO TAKE ALL
                                        )     REASONABLE STEPS TO
21                                      )     PREVENT DISCRIMINATION
                                        )     AND RETALIATION (*Government*
22                                      )     *Code §12940, et seq.*);
                                        ) 7.  INTENTIONAL INFLICTION OF
23                                      )     EMOTIONAL DISTRESS;
                                        ) 8.  INVASION OF PRIVACY; and
24                                      ) 9.  VIOLATION OF FAMILY AND
                                        )     MEDICAL LEAVE ACT
25                                      )
                                        )  [DEMAND FOR JURY TRIAL]
26                                      )

27  ///

28  ///

                                    1                COMPLAINT FOR DAMAGES

1

**STATEMENT OF FACTS**

2     Plaintiff SONJI DUNCAN (hereinafter "plaintiff") is an individual, employed by

3  defendants SOUTHERN CALIFORNIA UNITED FOOD & COMMERCIAL WORKERS

4  UNIONS AND FOOD EMPLOYERS JOINT BENEFIT FUNDS ADMINISTRATION, LLC,

5  a California limited liability company, and DOES 1 through 50, inclusive (hereinafter

6  collectively referred to as "defendants").

7     Plaintiff is employed as a Medical Claims Customer Service Representative.  Her

8  employment began in or about June, 2008.

9     During her employment, plaintiff became pregnant with twins.  She immediately

10 informed defendants of her pregnancy, i.e., in or around September, 2013.  Her due date was

11 on or around April 11, 2014.

12    Early on in plaintiff's pregnancy, her doctor rendered plaintiff disabled, as that term is

13 defined by law, due to her pregnancy.  She was rendered disabled due to several reasons,

14 including, but not limited to, vaginal bleeding, high risk pregnancy, need for blood pressure

15 monitoring, orthostatic syncope and viral syndrome.  Plaintiff immediately informed

16 defendants of her disability.

17    She was medically released from work from September 17, 2013 through September

18 21, 2013 and from September 24, 2013 through September 29, 2013.

19    She was placed off work by her physician from October 1, 2013 through October 2,

20 2013. Her physician ordered she be off work from October 4, 2013 through November 2,

21 2013.  She was placed off work from November 4, 2013 through November 5, 2013.

22    She was placed off work from November 8, 2013 through December 15, 2013.

23    On December 9, 2013, plaintiff was placed on modified activity at work and at home

24 from December 9, 2013 through April 10, 2014.  Her physician ordered that plaintiff be

25 permitted to wear tennis shoes/sneakers during work hours and that she be permitted to go to

26 doctor's visits twice per month.

27    At all times during her pregnancy, plaintiff informed defendants of the times her

28 doctor placed her off work, her disability and her modified activity/restrictions.  At all times

1    during her pregnancy, plaintiff provided medical documentation substantiating her time off

2    work, her disability and her modify activity/restrictions. Upon receiving this information,

3    defendants' manager, Michael Farr, told plaintiff, "No excuses," and "I'm not accepting

4    excuses," and ordered plaintiff to appear for work.

5        At no time did defendants engage in an interactive process to determine if there

6    existed other jobs plaintiff could perform in light of her condition and restrictions. At no time

7    did defendants attempt to accommodate plaintiff's disability, pregnancy and/or restrictions.

8        Plaintiff complained to defendants that she was being discriminated against and

9    harassed because of her pregnancy and/or disability. Following her complaints, defendants

10    retaliated against plaintiff in numerous ways, including, but not limited to, changing the policy

11    for absences and call-in procedures, docking her pay, refusing to allow her to return to work,

12    issuing oral and written discipline, criticizing her employment and threatening to terminate

13    her.

14        Due to the discrimination plaintiff was subjected to, she lost one of her twins on or

15    about September 18, 2013.

16        At no time did defendants ever inform plaintiff of her rights under the Family Medical

17    Leave Act ("FMLA").

18        At all times, defendants failed to exercise reasonable care to prevent and correct

19    promptly the discriminatory and retaliatory behavior. Defendants had no policies and

20    procedures for preventing and responding to plaintiff's complaints.

21        Plaintiff filed a claim with the California Department of Fair Employment and

22    Housing ("DFEH"), pursuant to California *Government Code* section 12965(b) and the

23    California Fair Employment and Housing Act ("FEHA"). Plaintiff filed such a claim in a

24    timely fashion and received a "right-to-sue" letter. Attached as Exhibit "A" and incorporated

25    herein by reference is a true and correct copy of the claim against defendants and the right-to-

26    sue letter received.

27    ///

28    ///

**GENERAL ALLEGATIONS**

1.     This is a complaint by an individual for damages arising out of the outrageous, oppressive and intrusive conduct of all defendants. Plaintiff seeks compensatory and punitive damages.

2.     The true names and capacities of the defendants sued herein as DOES 1 through 50, inclusive, are unknown to plaintiff, who therefore sues these defendants by such fictitious names. Plaintiff will ask leave of the Court to amend this Complaint to show their true names and capacities when same have been ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the defendants herein designated as a DOE proximately caused the injuries and damages to plaintiff as hereinafter alleged.

3.     Plaintiff is informed and believes, and thereon alleges, that each of the defendants designated herein as a DOE is legally responsible in some manner for the events and happenings herein referred to, and negligently, wantonly, recklessly, tortiously and/or unlawfully proximately caused the injuries and damages thereby to plaintiff as herein alleged.

4.     At all times mentioned herein, defendants were employers located at 6425 Katella Ave., Cypress, County of Orange, California 90630, and existed under the laws of the State of California.

5.     At all times mentioned herein, defendants were authorized to do business in California.

6.     At all times herein mentioned, DOES 1 through 50 were individuals in supervisory positions at defendants' places of employment and citizens of the State of California. At all times herein mentioned, DOES 1 through 50 were acting in the course and scope of their employment at defendants' places of employment.

7.     At all times herein mentioned, plaintiff was an individual who resided in the City of Inglewood, County of Los Angeles, State of California, and an employee of defendants and was and is a citizen of the State of California.

8.     The conduct complained of herein was ratified in the City of Cypress, County of Orange, State of California.

COMPLAINT FOR DAMAGES

**FIRST CAUSE OF ACTION**

**DISCRIMINATION BASED UPON PREGNANCY**

**(*Government Code* §§12926(p), 12940, et seq.)**

**(Against Defendants and DOES 1-50)**

9.     The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Discrimination Based Upon Pregnancy.

10.     The Fair Employment Housing Act prohibits employment discrimination based on sex, which includes pregnancy, childbirth or medical conditions related to pregnancy or childbirth. (*Government Code* §12926(p).)

11.     Plaintiff became pregnant during her employment with defendants.  Her doctor released her from work, rendered her as disabled and ordered modified activity/restrictions. When she was diagnosed as disabled to due her pregnancy, she was a qualified person with a disability and defendants were under a duty to accommodate plaintiff's restrictions. Defendants failed to accommodate plaintiff's restrictions.

12.     Upon receiving this information, defendants' manager, Michael Farr, told plaintiff, "No excuses," and "I'm not accepting excuses," and ordered plaintiff to appear for work.  Defendants further discriminated against plaintiff in additional numerous ways, including, but not limited to, changing the policy for absences and call-in procedures, docking her pay, refusing to allow her to return to work, issuing oral and written discipline, criticizing her employment and threatening to terminate her.  These actions constituted adverse employment actions.  These adverse employment actions were taken against plaintiff because of her pregnancy.

13.     In doing the acts referenced above, defendants violated their affirmative duty to plaintiff.

14.     As a proximate result of the aforesaid acts of defendants, plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of trial.  Plaintiff claims such amount as

COMPLAINT FOR DAMAGES

1    damages together with prejudgment interest pursuant to *Government Code* section 12945, et

2    seq. and/or any other provision of law providing for prejudgment interest.

3        15.    As a direct and proximate result of the aforementioned wrongful conduct of

4    defendants, plaintiff will suffer additional loss of earnings, reduced earning capacity in the

5    future, and other incidental and consequential damages in an amount according to proof at the

6    time of trial.

7        16.    Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees

8    in order to enforce her rights and to obtain benefits due her, all to her further damage in an

9    amount according to proof.

10       17.    As a proximate result of the conduct complained of herein, plaintiff suffered

11   and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and

12   severe shock to her nervous system, and thereby sustained serious injuries to her physical and

13   mental health, strength and activity, causing her extreme physical and emotional pain, all to

14   her general damage in such amount as may be proven.  Said amount is within the jurisdiction

15   of the Superior Court of the State of California.

16       18.    As a direct and proximate result of the aforementioned wrongful conduct of

17   defendants, plaintiff incurred medical expenses, the exact nature and extent of which are

18   unknown to plaintiff at this time and plaintiff will ask leave of court to amend this complaint

19   in this regard when the same have been ascertained.

20       19.    As a direct and proximate result of the aforementioned wrongful conduct of

21   defendants, plaintiff will be required to incur additional future medical expenses all to her

22   further damage in an amount to be proven at trial.

23       20.    Because the acts taken toward plaintiff were carried out by managerial

24   employees acting in a deliberate, cold, callous and intentional manner in order to injure and

25   damage plaintiff, plaintiff requests the assessment of punitive damages against defendants in

26   an amount appropriate to punish and make an example of defendants.

27       Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

28   ///

## SECOND CAUSE OF ACTION

### DISCRIMINATION BASED UPON DISABILITY

(*Government Code* §12940, et seq.)

**(Against Defendants and DOES 1-50)**

21.    The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Discrimination Based Upon Disability.

22.    FEHA prohibits disability discrimination in employment. FEHA additionally requires an employer which learns about discrimination to conduct an immediate and effective investigation and to provide remedies if needed.

23.    Plaintiff suffered from a disability and, as such, is a member of a class protected from disability discrimination under California law.

24.    Plaintiff became pregnant during her employment with defendants. Her doctor released her from work, rendered her as disabled and ordered modified activity/restrictions. When she was diagnosed as disabled to due her pregnancy, she was a qualified person with a disability and defendants were under a duty to accommodate plaintiff's restrictions. Defendants failed to accommodate plaintiff's restrictions.

25.    Upon receiving this information, defendants' manager, Michael Farr, told plaintiff, "No excuses," and "I'm not accepting excuses," and ordered plaintiff to appear for work. Defendants further discriminated against plaintiff in additional numerous ways, including, but not limited to, changing the policy for absences and call-in procedures, docking her pay, refusing to allow her to return to work, issuing oral and written discipline, criticizing her employment and threatening to terminate her. These actions constituted adverse employment actions. These adverse employment actions were taken against plaintiff because of her disability.

26.    When defendant engaged in the acts of discrimination alleged in this Complaint, they treated plaintiff adversely because of her disability.

///

27.     In doing the acts referenced above, defendant failed to accommodate plaintiff's disability and in doing so defendant violated its affirmative duty to plaintiff.

28.     As a proximate result of the aforesaid acts of defendant, plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of trial.  Plaintiff claims such amount as damages together with prejudgment interest pursuant to *Government Code* section 12945, et seq., and/or any other provision of law providing for prejudgment interest.

29.     As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff will suffer additional loss of earnings, reduced earning capacity in the future, and other incidental and consequential damages in an amount according to proof at the time of trial.

30.     Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in order to enforce her rights and to obtain benefits due her, all to her further damage in an amount according to proof.

31.     As a proximate result of the conduct complained of herein, plaintiff suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to her nervous system, and thereby sustained serious injuries to her physical and mental health, strength and activity, causing her extreme physical and emotional pain, all to her general damage in such amount as may be proven.  Said amount is within the jurisdiction of the Superior Court of the State of California.

32.     As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff incurred medical expenses, the exact nature and extent of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in this regard when the same have been ascertained.

33.     As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff will be required to incur additional future medical expenses all to her further damage in an amount to be proven at trial.

///

COMPLAINT FOR DAMAGES

34.     Because the acts taken toward plaintiff were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages against defendants in an amount appropriate to punish and make an example of defendants.

Wherefore, plaintiff prays for judgment against defendants as hereinafter set forth.

### THIRD CAUSE OF ACTION

### FAILURE TO ACCOMMODATE

*(Government Code* §12940(k) and (m))

**(Against Defendants and DOES 1-50)**

35.     The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Failure to Accommodate.

36.     *Government Code* section 12940(k) and (m) require an employer to provide reasonable accommodations to employees with known physical disabilities.  An employer also has an affirmative duty to inform disabled individuals of other job opportunities, and ascertain whether the employee is interested in, or qualified for said positions.

37.     Defendants independently violated the FEHA by refusing to accommodate plaintiff's disability or perceived disability, by repeatedly not adhering to requested accommodations, by refusing to respond to plaintiff's requests, and by other conduct according to proof.

38.     In doing the acts referenced above, defendant failed to accommodate plaintiff's disability and in doing so defendant violated its affirmative duty to plaintiff.

39.     As a proximate result of the aforesaid acts of defendant, plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of trial.  Plaintiff claims such amount as damages together with prejudgment interest pursuant to *Government Code* section 12945, et seq., and/or any other provision of law providing for prejudgment interest.

///

40.  As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff will suffer additional loss of earnings, reduced earning capacity in the future, and other incidental and consequential damages in an amount according to proof at the time of trial.

41.  Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in order to enforce her rights and to obtain benefits due her, all to her further damage in an amount according to proof.

42.  As a proximate result of the conduct complained of herein, plaintiff suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to her nervous system, and thereby sustained serious injuries to her physical and mental health, strength and activity, causing her extreme physical and emotional pain, all to her general damage in such amount as may be proven.  Said amount is within the jurisdiction of the Superior Court of the State of California.

43.  As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff incurred medical expenses, the exact nature and extent of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in this regard when the same have been ascertained.

44.  As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff will be required to incur additional future medical expenses all to her further damage in an amount to be proven at trial.

45.  Because the acts taken toward plaintiff were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages against defendants in an amount appropriate to punish and make an example of defendants.

Wherefore, plaintiff prays for judgment against defendants as hereinafter set forth.

///

///

///

## FOURTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

(*Government Code* §12926.1(e))

**(Against Defendants and DOES 1-50)**

46.     The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Failure to Engage in the Interactive Process.

47.     *Government Code* section 12940(n) and section 12926.1(e) require an employer to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response t a request for reasonable accommodation by an employee with a known physical or mental disability or know medical condition.  It is a violation of FEHA to fail to engage in a timely, good faith interactive process.

48.     Defendants independently violated the FEHA by refusing to engage in the interactive process, by refusing to accommodate plaintiff's disability or perceived disability, by repeatedly not adhering to requested accommodations, by refusing to respond to plaintiff's requests, and by other conduct according to proof.

49.     In doing the acts referenced above, defendant failed to accommodate plaintiff's disability and in doing so defendant violated its affirmative duty to plaintiff.

50.     As a proximate result of the aforesaid acts of defendant, plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of trial.  Plaintiff claims such amount as damages together with prejudgment interest pursuant to *Government Code* section 12945, et seq., and/or any other provision of law providing for prejudgment interest.

51.     As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff will suffer additional loss of earnings, reduced earning capacity in the future, and other incidental and consequential damages in an amount according to proof at the time of trial.

///

11                    COMPLAINT FOR DAMAGES

52.    Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in order to enforce her rights and to obtain benefits due her, all to her further damage in an amount according to proof.

53.    As a proximate result of the conduct complained of herein, plaintiff suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to her nervous system, and thereby sustained serious injuries to her physical and mental health, strength and activity, causing her extreme physical and emotional pain, all to her general damage in such amount as may be proven.  Said amount is within the jurisdiction of the Superior Court of the State of California.

54.    As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff incurred medical expenses, the exact nature and extent of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in this regard when the same have been ascertained.

55.    As a direct and proximate result of the aforementioned wrongful conduct of defendants, plaintiff will be required to incur additional future medical expenses all to her further damage in an amount to be proven at trial.

56.    Because the acts taken toward plaintiff were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages against defendants in an amount appropriate to punish and make an example of defendants.

Wherefore, plaintiff prays for judgment against defendants as hereinafter set forth.

## FIFTH CAUSE OF ACTION

### RETALIATION

#### (*Government Code* §12940, et seq.)

#### (Against Defendants and DOES 1-50)

57.    The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Retaliation.

58.    At all times relevant herein, defendants, and each of them, were employers as that term is defined in *Government Code* section 12926, et seq., and as such, were barred from retaliating in employment decisions.

59.    During her employment, plaintiff became pregnant. Her doctor imposed certain restrictions. She requested accommodation. She was rendered disabled because her conditions limited major life activities. Plaintiff was being medically treated. Defendants knew of plaintiff's pregnancy, restrictions, requests accommodations and disability and knew she was being medically treated. When plaintiff was requested accommodation and was rendered disabled, she was a protected person. When she complained of discrimination, she was engaged in a protected activity.

60.    When she was a protected person and engaged in protected activities, defendants, and each of them, engaged in acts of retaliation as alleged in this complaint.

61.    Defendants retaliated against plaintiff because she was pregnant, requested accommodation, was disabled and complained of discrimination. Therefore, a causal link exists between the protected activities plaintiff was engaged in and defendants' actions.

62.    As a proximate result of the aforesaid acts of defendants, plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of trial. Plaintiff claims such amount as damages together with prejudgment interest.

63.    As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff will suffer additional loss of earnings, reduced earning capacity in the future, and other incidental and consequential damages in an amount according to proof at the time of trial.

64.    The above acts of defendants and each of them caused plaintiff severe emotional distress, anxiety, sleeplessness, and were outrageous and beyond the scope of her employment. As a direct, proximate and foreseeable result of the aforesaid conduct of the defendants, and each of them, plaintiff has suffered damages and injuries set forth below.

///

65.    As a result of the aforesaid acts of defendants, plaintiff has become mentally upset, distressed and aggravated.  Plaintiff claims general damages for such mental distress and aggravation in an amount of which will be proven at time of trial.

66.    Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in order to enforce her rights and to obtain benefits due her, all to her further damage in an amount according to proof.

67.    As a proximate result of the conduct complained of herein, plaintiff suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to her nervous system, and thereby sustained serious injuries to her physical and mental health, strength and activity, causing her extreme physical and emotional pain, all to her general damage in such amount as may be proven.  Said amount is within the jurisdiction of the Superior Court of the State of California.

68.    As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff incurred medical expenses, the exact nature and extent of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in this regard when the same have been ascertained.

69.    As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff will be required to incur additional future medical expenses all to her further damage in an amount to be proven at trial.

70.    Because the acts taken toward plaintiff were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages against defendants, and each of them, in an amount appropriate to punish and make an example of defendants.

Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

///

///

///

///

14       COMPLAINT FOR DAMAGES

## SIXTH CAUSE OF ACTION

### FAILURE TO TAKE ALL REASONABLE STEPS

### TO PREVENT DISCRIMINATION AND RETALIATION

### (*Government Code* §12940, et seq.)

### (Against Defendants and DOES 1-50)

71. The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Failure to Take All Reasonable Steps to Prevent Discrimination and Retaliation.

72. *Government Code* section 12940 provides that it is an unlawful employment practice for an employer, because of the person's pregnancy and/or disability, to discriminate and retaliate against the employee. An entity shall take all reasonable steps to prevent the discrimination and retaliation from occurring.

73. The facts alleged in the Statement of Facts constitute violations of FEHA in that defendants, and each of them, discriminated and retaliated against plaintiff. Plaintiff alleges that defendants' discrimination and retaliation against plaintiff was an unlawful employment practice in that defendants, and each of them, failed to take all reasonable steps necessary to prevent discrimination and retaliation from occurring in violation of *Government Code* section 12940 of the Fair Employment and Housing Act.

74. As a proximate result of the aforesaid acts of defendants, plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of trial. Plaintiff claims such amount as damages together with prejudgment interest pursuant to *Government Code* section 12945, et seq. and/or any other provision of law providing for prejudgment interest.

75. As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff will suffer additional loss of earnings, reduced earning capacity in the future, and other incidental and consequential damages in an amount according to proof at the time of trial.

76.    Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in order to enforce her rights and to obtain benefits due her, all to her further damage in an amount according to proof.

77.    As a proximate result of the conduct complained of herein, plaintiff suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to her nervous system, and thereby sustained serious injuries to her physical and mental health, strength and activity, causing her extreme physical and emotional pain, all to her general damage in such amount as may be proven.  Said amount is within the jurisdiction of the Superior Court of the State of California.

78.    As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff incurred medical expenses, the exact nature and extent of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in this regard when the same have been ascertained.

79.    As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff will be required to incur additional future medical expenses all to her further damage in an amount to be proven at trial.

80.    Because the acts taken toward plaintiff were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages against defendants, and each of them, in an amount appropriate to punish and make an example of defendants.

Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

### SEVENTH CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against Defendants and DOES 1-50)

81.    The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Intentional Infliction of Emotional Distress.

///

82.    When defendants did the acts described in this complaint, they engaged in extreme and outrageous conduct.  They did such acts deliberately, intentionally and recklessly so as to cause plaintiff severe emotional distress.  Defendants' conduct in confirming and ratifying that conduct was done with knowledge that plaintiff's distress would thereby increase, and was done with wanton and reckless disregard of the consequences to plaintiff.

83.    The above acts of defendants caused plaintiff severe emotional distress, anxiety, sleeplessness, and were outrageous and beyond the scope of her employment.  As a direct, proximate and foreseeable result of the aforesaid conduct of the defendants, plaintiff has suffered damages and injuries set forth below.

84.    As a result of the aforesaid acts of defendants, plaintiff has become mentally upset, distressed and aggravated.  Plaintiff claims general damages for such mental distress and aggravation in an amount of which will be proven at time of trial.

85.    As a proximate result of the aforesaid acts of defendants, plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of trial.  Plaintiff claims such amount as damages together with prejudgment interest.

86.    Plaintiff further has incurred additional expenses in her efforts to regain employment, all to her damage in an amount according to proof at the time of trial.

87.    As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff will suffer additional loss of earnings, reduced earning capacity in the future, and other incidental and consequential damages in an amount according to proof at the time of trial.

88.    As a proximate result of the conduct complained of herein, plaintiff suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to her nervous system, and thereby sustained serious injuries to her physical and mental health, strength and activity, causing her extreme physical and emotional pain, all to her general damage in such amount as may be proven.  Said amount is within the jurisdiction of the Superior Court of the State of California.

89.    As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff incurred medical expenses, the exact nature and extent of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in this regard when the same have been ascertained.

90.    As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff will be required to incur additional future medical expenses all to her further damage in an amount to be proven at trial.

91.    Because the acts taken toward plaintiff were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages against defendants, and each of them, in an amount appropriate to punish and make an example of defendants.

Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

## EIGHTH CAUSE OF ACTION

### INVASION OF PRIVACY

### (Against Defendants and DOES 1-50)

92.    The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Invasion of Privacy.

93.    During her employment, plaintiff left her manager, Mr. Farr, detailed voice messages informing him of the status of her pregnancy and disability. On such messages, plaintiff explained to Mr. Farr the diagnosis she received from her physicians. Mr. Farr would listen to these messages on his speaker phone. He would leave the door to his office open and raise the volume on his phone to the maximum position so that other employees could hear plaintiff's messages which she intended to be solely for her manager, Mr. Farr. When Mr. Farr engaged in such actions, it was without plaintiff's knowledge or consent and he intruded into a private place and a private matter.

94.    At all times when plaintiff left these messages for Mr. Farr, plaintiff had an objectively reasonable expectation of seclusion and solitude.

COMPLAINT FOR DAMAGES

95.     When defendants did the acts described above, defendants penetrated plaintiff's zone of physical privacy.

96.     Defendants' invasion was offensive because of the degree of the intrusion and the context, conduct and circumstances surrounding the intrusion.  The motives and objectives of defendants, the setting into which defendants intruded, and plaintiff's expectations, further indicate the offensiveness of defendants' invasion.

97.     When engaging in the acts described in this complaint, defendants violated Article I, Section 1, of the California Constitution.  Defendants are liable for their actions pursuant to statute, including California *Civil Code* section 1714.

98.     The above acts of defendants constituted a tortious invasion of privacy of plaintiff as described above.  Such invasion was a substantial factor in causing damage and injury to plaintiff set forth below.

99.     As a proximate result of the aforesaid acts of defendants, plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits and loss of business in an amount according to proof at the time of trial.

100.    As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff will suffer additional loss of earnings, reduced earning capacity in the future, and other incidental and consequential damages in an amount according to proof at the time of trial.

101.    Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in order to enforce her rights and to obtain benefits due her, all to her further damage in an amount according to proof.

102.    As a proximate result of the conduct complained of herein, plaintiff suffered and continues to suffer embarrassment, humiliation, emotional distress, mental anguish and severe shock to her nervous system, and thereby sustained serious injuries to her physical and mental health, strength and activity, causing her extreme physical and emotional pain, all to her general damage in such amount as may be proven.  Said amount is within the jurisdiction of the Superior Court of the State of California.

103.    As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff incurred medical expenses, the exact nature and extent of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in this regard when the same have been ascertained.

104.    As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff will be required to incur additional future medical expenses all to her further damage in an amount to be proven at trial.

105.    Because the acts taken toward plaintiff were carried out by managerial employees acting in a deliberate, cold, callous and intentional manner in order to injure and damage plaintiff, Plaintiff requests the assessment of punitive damages against defendants, and each of them, in an amount appropriate to punish and make an example of defendants.

Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

### NINTH CAUSE OF ACTION

### VIOLATION OF FAMILY AND MEDICAL LEAVE ACT

### (Against Defendants and DOES 1-50)

106.    The allegations of the Statement of Facts and preceding paragraphs are realleged and incorporated herein by reference except where to do so would be inconsistent with pleading a cause of action for Violation of Family and Medical Leave Act.

107.    The Family and Medical Leave Act (29 USC §2601, *et seq.*) requires that covered employers grant an eligible employee up to a total of 12 workweeks of unpaid leave during any 12-month period for one or more of the following reasons: (a) for the birth and care of the newborn child of the employee; (b) for placement with the employee of a son or daughter for adoption or foster care; ( c) to care for an immediate family member (spouse, child, or parent) with a serious health condition; or (d) to take medical leave when the employee is unable to work because of a serious health condition.

108.    At all times mentioned herein, defendants were covered employers as that term is defined by law, including but not limited to 29 USC section 2611, *et seq.*

///

109.    At all times mentioned herein, plaintiff was an eligible employee as that term is defined by law.  She had more than 12 months of service with defendants and worked at least 1,250 hours for defendants during the 12 months prior to the commencement of the leave.

110.    At all times mentioned herein, plaintiff suffered from a serious health condition.

111.    At all times mentioned herein, plaintiff qualified for and was entitled to leave under the Family and Medical Leave Act because the Family and Medical Leave Act allows plaintiff to take unpaid leave due to a serious health condition.  The Family and Medical Leave Act allows plaintiff to take leave of up to 12 work weeks in a 12-month period. (29 USC §2612)  The leave does not need to be taken in one continuous period of time.

112.    Defendants never informed plaintiff of her rights under the Family and Medical Leave Act.  Its actions constituted a violation of the Family and Medical Leave Act.

113.    As a proximate result of the aforesaid acts of defendants, plaintiff has foreseeably suffered and continues to suffer substantial loss of earnings and employment benefits in an amount according to proof at the time of trial.  Plaintiff claims such amount as damages together with prejudgment interest.

114.    As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff will suffer additional loss of earnings, reduced earning capacity in the future, and other incidental and consequential damages in an amount according to proof at the time of trial.

115.    Plaintiff incurred expenses herein for necessary and reasonable attorneys' fees in order to enforce her rights and to obtain benefits due her, all to her further damage in an amount according to proof.

116.    As a proximate result of the conduct complained of herein, plaintiff suffered and sustained serious injuries to her physical health, strength and activity, causing her extreme physical pain, all to her general damage in such amount as may be proven.  Said amount is within the jurisdiction of the Superior Court of the State of California.

///

117.   As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff incurred medical expenses, the exact nature and extent of which are unknown to plaintiff at this time and plaintiff will ask leave of court to amend this complaint in this regard when the same have been ascertained.

118.   As a direct and proximate result of the aforementioned wrongful conduct of defendants, and each of them, plaintiff will be required to incur additional future medical expenses all to her further damage in an amount to be proven at trial.

119.   Because the acts taken toward plaintiff were carried out in a deliberate, cold, callous and intentional manner in order to injure and damage plaintiff, plaintiff requests the assessment of punitive damages against defendants, and each of them, in an amount appropriate to punish and make an example of defendants.

120.   Plaintiff requests interest pursuant to 29 USC section 2617, et seq.

121.   Plaintiff requests liquidated damages pursuant to 29 USC section 2617, et seq.

Wherefore, plaintiff prays for judgment against the defendants as hereinafter set forth.

## **PRAYER**

WHEREFORE, plaintiff prays for judgment against defendants as follows:

1.   For compensatory damages for the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth for an amount in excess of $50,000.00 and according to proof at trial;

2.   For an award of punitive damages for the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action;

3.   For medical and related expenses in excess of $50,000.00 under the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action;

4.   For lost earnings, present, past, and future, in excess of $50,000.00 under the First, Second, Third, Fourth, Fifth, Sixth, Seventh, Eighth and Ninth Causes of Action;

5.   For attorneys' fees and costs as permitted by law;

6.   For prejudgment interest on all amounts claimed, as permitted by law;

///

COMPLAINT FOR DAMAGES

7.   For prejudgment interest on all amounts claimed, as permitted by law (29 USC § 2617);

8.   For liquidated damages as permitted by law (29 USC § 2617); and

9.   For such other and further relief as the Court deems just and proper.

DATED:   August 19, 2014              JAY S. ROTHMAN & ASSOCIATES

_____
JAY S. ROTHMAN
Attorney for Plaintiff
SONJI DUNCAN

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of the foregoing causes of action.

DATED:   August 19, 2014              JAY S. ROTHMAN & ASSOCIATES

_____
JAY S. ROTHMAN
Attorney for Plaintiff
SONJI DUNCAN

EXHIBIT A



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684  I TTY 800-700-2320
www.dfeh.ca.gov

GOVERNOR EDMUND G. BROWN JR.

DIRECTOR PHYLLIS W. CHENG

Aug 26, 2014

RE: **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 354012-124115
Right to Sue: Duncan / Southern California United Food And Commercial Workers Unions And Food Employers

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the Department of Fair Employment and Housing (DFEH) in accordance with Government Code section 12960. This constitutes service of the complaint pursuant to Government Code section 12962. The complainant has requested an authorization to file a lawsuit. This case is not being investigated by DFEH and is being closed immediately. A copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact information.

**No response to DFEH is requested or required.**

Sincerely,

Department of Fair Employment and Housing

# COMPLAINT OF EMPLOYMENT DISCRIMINATION

## BEFORE THE STATE OF CALIFORNIA

### DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)

In the Matter of the Complaint of                    DFEH No. 354012-124115
Sonji B. Duncan, Complainant.

vs.

Southern California United Food And Commercial
Workers Unions And Food Employers
Respondent.
6425 Katella Avenue
Cypress,  California 90630

Complainant alleges:

1. Respondent **Southern California United Food And Commercial Workers Unions And Food Employers**
is a subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et
seq.).  Complainant believes respondent is subject to the FEHA.

2. On or around **Sep 09, 2013**, complainant alleges that respondent took the following adverse actions against
complainant: **Discrimination, Harassment, Retaliation Denied a good faith interactive process, Denied a
work environment free of discrimination and/or retaliation, Denied family care or medical leave, Denied
reasonable accommodation,** .   Complainant believes respondent committed these actions because of their:
**Color, Disability, Family Care or Medical Leave, Race, Sex- Gender, Sex - Pregnancy** .

3. Complainant **Sonji B. Duncan** resides in the City of **Woodland Hills**, State of **California**.  If complaint
includes co-respondents please see below.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

**Additional Complaint Details:**

5 year employee Sonji Duncan, a medical claims examiner for Southern California United Food and Commercial Workers Union and Food Employers recently returned 6/2013 after FMLA, the birth of her daughter.  On or about 9/9/13, her Manager/Supervisor Michael Farr disciplined her for being 40 seconds late, also threatened Sonji that the company would not accept any more doctor/medical excuses. On or about 9/17/13, Sonji pregnant again with twins began bleeding, Farr refused to allow her to leave to seek medical attention.  9/18/14 Sonji miscarried one fetus.

DFEH 902-1

-2-

*Complaint – DFEH No. 354012-124115*

1

## VERIFICATION

2

I, **Jay S. Rothman, Esq.**, am the Attorney for Complainant in the above-entitled complaint.   I have read the

3

foregoing complaint and know the contents thereof.  The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

4

On Aug 26, 2014, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

5

Woodlan Hills, CA

6

**Jay S. Rothman, Esq.**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

DFEH 902-1

-3-

*Complaint – DFEH No. 354012-124115*

Date Filed: Aug 26, 2014



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GOVERNOR EDMUND G. BROWN JR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    DIRECTOR PHYLLIS W. CHENG

2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TTY 800-700-2320
www.dfeh.ca.gov

Aug 26, 2014

Sonji B. Duncan
21900 Burbank Blvd. Ste 210
Woodland Hills California 91367

RE: **Notice of Case Closure and Right to Sue**
DFEH Matter Number: 354012-124115
Right to Sue: Duncan / Southern California United Food And Commercial Workers Unions And Food Employers

Dear Sonji B. Duncan,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective Aug 26, 2014 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must visit the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Department of Fair Employment and Housing



|STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency    GOVERNOR EDMUND G. BROWN JR.

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**    DIRECTOR PHYLLIS W. CHENG
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
800-884-1684 I TTY 800-700-2320
www.dfeh.ca.gov

Enclosures

cc:

# EXHIBIT B

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**10/03/2014** at 02:57:00 PM
Clerk of the Superior Court
By James M Haines, Deputy Clerk

1 SEYFARTH SHAW LLP
  F. Scott Page (SBN 108515)
2 spage@seyfarth.com
  Jennifer Gentin (SBN 146888)
3 jgentin@seyfarth.com
  2029 Century Park East, Suite 3500
4 Los Angeles, California 90067-3021
  Telephone:    (310) 277-7200
5 Facsimile:    (310) 201-5219

6 Attorneys for Defendant
  Southern California United Food & Commercial Workers
7 Unions and Food Employers Joint Benefit Funds
  Administration, LLC

8

9

10              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                         **COUNTY OF ORANGE**

12

13 SONJI DUNCAN, an individual,                    Case No. 30-2014-00743116-CU-OE-CJC

14              Plaintiff,                          JUDGE KIRK NAKAMURA

15         v.                                       **ANSWER TO COMPLAINT FOR
                                                    DAMAGES**
16 SOUTHERN CALIFORNIA UNITED FOOD &
   COMMERCIAL WORKERS UNIONS AND                    Date Action Filed:  September 4, 2014
17 FOOD EMPLOYERS JOINT BENEFIT FUNDS
   ADMINISTRATION LLC, a California limited
18 company; and DOES 1 through 50, inclusive,

19              Defendants.

20

21        Defendant SOUTHERN CALIFORNIA UNITED FOOD & COMMERCIAL WORKERS

22 UNIONS AND FOOD EMPLOYERS JOINT BENEFIT FUNDS ADMINISTRATION LLC

23 ("Defendant") answers Plaintiff SONJI DUNCAN's Complaint For Damages (the "Complaint") as

24 follows:

25                              **GENERAL DENIAL**

26        Pursuant to California Code of Civil Procedure section 431.30, Defendant denies, generally and

27 specifically, each and every allegation, statement, matter and each purported cause of action contained

28

ANSWER TO COMPLAINT FOR DAMAGES

18125510v.3

1    in Plaintiff's unverified Complaint, and without limiting the generality of the foregoing, denies that

2    Plaintiff has been damaged in any way by reason of any acts or omissions of Defendant.

3    ## AFFIRMATIVE AND OTHER DEFENSES

4         Defendant asserts the following affirmative and other defenses without assuming any burdens of

5    production or proof that, pursuant to law, belong to Plaintiff.  Defendant reserves the right to amend its

6    answer and to assert any additional defenses and affirmative defenses as may become available or

7    apparent during the course of this litigation:

8    ## FIRST DEFENSE

9    **(Failure to State a Cause of Action - All Causes of Action)**

10        1.     The Complaint, and each purported cause of action alleged therein, fails to state facts

11   sufficient to constitute a cause of action against Defendant.

12   ## SECOND DEFENSE

13   **(Statute of Limitations - All Causes of Action)**

14        2.     The Complaint, and each cause of action attempted to be stated therein, is barred by the

15   applicable statute of limitations including, but not limited to, California Government Code sections

16   12960 and 12965, California Code of Civil Procedure sections 335.1 and 338(d),  the Labor

17   Management Relations Act, 29 U.S.C. sections 160(b) and 185, the Family Medical Leave Act, 29

18   U.S.C. section 2617(a) (4) and all other applicable laws.

19   ## THIRD DEFENSE

20   **(LMRA Preemption - All Causes of Action)**

21        3.     The Complaint, and each cause of action attempted to be stated therein, is preempted by

22   Section 301 of the Labor Management Relations Act (29 U.S.C. section 185(a)) to the extent its

23   resolution through grievance was contemplated by and/or depends upon interpretation of provisions of

24   the collective bargaining agreement between Defendant and Plaintiff's Union.

25   ## FOURTH DEFENSE

26   **(Failure to Exhaust Internal Remedies – All Causes of Action)**

27        4.     The Complaint is barred, in whole or in part, because Defendant maintains a policy

28   prohibiting discrimination and retaliation, and provides an internal procedure for complaint,

2

ANSWER TO COMPLAINT FOR DAMAGES

18125510v.3

1  investigation and remedial action, and Plaintiff had knowledge of the policy and failed to make an
2  internal complaint and exhaust her internal remedies provided by Defendant.

### FIFTH DEFENSE

**(Failure to Exhaust Contractual Remedies - All Causes of Action)**

5.    The Complaint, and each cause of action therein, is barred to the extent Plaintiff failed to exhaust the contract remedies of the collective bargaining agreement between Defendant and Plaintiff's Union.

### SIXTH DEFENSE

**(Estoppel - All Causes of Action)**

6.    The Complaint, and each cause of action attempted to be stated therein, is barred by judicial, equitable, and/or collateral estoppel.

### SEVENTH DEFENSE

**(Unclean Hands - All Causes of Action)**

7.    The Complaint, and each cause of action attempted to be stated therein, is barred by the doctrine of unclean hands.

### EIGHTH DEFENSE

**(Waiver - All Causes of Action)**

8.    The Complaint, and each cause of action attempted to be stated therein, is barred by the doctrine of waiver.

### NINTH DEFENSE

**(Laches - All Causes of Action)**

9.    The Complaint, and each cause of action attempted to be stated therein, is barred by the doctrine of laches.

### TENTH DEFENSE

**(Consent - All Causes of Action)**

10.    The Complaint, and each cause of action attempted to be stated therein, is barred because any conduct by Defendant was ratified, consented to, and/or acquiesced in by Plaintiff.

3

18125510v.3

## ELEVENTH DEFENSE

### (Failure to Mitigate - All Causes of Action)

11.     Plaintiff's recovery in this action is barred by her failure, refusal, and/or negligent failure to take reasonable steps to mitigate her alleged damages.  Defendant, alternatively, alleges that any recovery by Plaintiff should be reduced by those damages Plaintiff failed to mitigate.

## TWELFTH DEFENSE

### (Management Privilege/Justification - Seventh and Eighth Causes of Action)

12.     Any and all conduct of which Plaintiff complains or which is attributed to Defendant was a just and proper exercise of management discretion, and at all times privileged and justified, and undertaken for lawful, fair and honest reasons, in good faith and without malice.

## THIRTEENTH DEFENSE

### (Workers' Compensation Preemption - Seventh and Eighth Causes of Action)

13.     The Complaint, and each cause of action attempted to be stated therein, arises from an employment relationship, such that any emotional distress or mental anguish allegedly suffered is barred by the exclusive remedy provided by California Labor Code sections 3600 et seq., and cannot be compensated for in the present action.

## FOURTEENTH DEFENSE

### (Punitive Damages - Acts Contrary to Established Policy – All Causes of Action)

14.     Plaintiff may not recover punitive damages against Defendant for the employment decisions of its agent(s) to the extent those decisions were contrary to policies instituted against wrongful conduct including policies and good faith enforcement of rules prohibiting retaliation and discrimination.

## FIFTEENTH DEFENSE

### (Punitive Damages - Due Process and Excessive Fines - All Causes of Action)

15.     The Complaint, to the extent it seeks exemplary or punitive damages pursuant to California law, violates Defendant's constitutional rights, pursuant to Article I, Section 10, Article IV, Section 2, and the First, Fifth, Sixth, Eighth, and Fourteenth Amendments to Constitution of the United States, and Article I, Sections 7, 9, 15 and 17, and Article IV, Section 16, of the California Constitution.

4

18125510v.3

## SIXTEENTH DEFENSE

### (Failure to Comply with Terms of Employment - All Causes of Action)

16.     The Complaint, and each cause of action attempted to be stated therein, is barred by Plaintiff's failure to comply with Defendant's express or implied policies governing Plaintiff's employment.

## SEVENTEENTH DEFENSE

### (Failure to Qualify or Comply With FMLA/PDLL - All Causes of Action)

17.     The Complaint, and each cause of action asserted therein, is barred to the extent Plaintiff did not qualify for leave, or comply with the prerequisites for taking leave, and/or Defendant was not put on notice that such leave was for a FMLA reason, pursuant to the Family Medical Leave Act, 29 U.S.C. sections 2601, et seq., and/or the California Pregnancy Disability Leave Law, Cal. Gov't Code section 12945(b)(2), Cal. Code Regs. tit. 2, § 7291.11(a).

## EIGHTEENTH DEFENSE

### (Failure to Take Advantage of Preventative/Corrective Opportunities - All Causes of Action)

18.     If any of Defendant's employees or agents engaged in unlawful discriminatory or retaliatory behavior towards Plaintiff, Defendant is not liable, or Plaintiff's damages must be reduced accordingly, because Defendant exercised reasonable care to prevent and correct promptly any discriminatory or retaliatory behavior, and Plaintiff unreasonably failed to avail herself of preventative and corrective opportunities provided by Defendant.

## NINETEENTH DEFENSE

### (Avoidable Consequences – Seventh and Eighth Causes of Action)

19.     If Plaintiff sustained any injury, damage or loss by reason of any act, error or omission on the part of Defendant, said injury, damage, or loss must be reduced to the extent that she failed to exercise reasonable care to avoid or limit the alleged harm.

5

ANSWER TO COMPLAINT FOR DAMAGES

18125510v.3

### TWENTIETH DEFENSE

### (Could Not Perform Essential Duties - First,

### Second, Third, Fourth, Fifth and Sixth Causes of Action)

20.    Plaintiff's first and second (discrimination), third and fourth (failure to provide accommodations and failure to engage in the interactive process), fifth (retaliation) and sixth (failure to take steps to prevent discrimination) causes of action fail to the extent that Plaintiff could not safely perform the essential duties of her positions with or without a reasonable accommodation.

### TWENTY-FIRST DEFENSE

### (Failed to Request Reasonable Accommodation - First,

### Second, Third, Fourth, Fifth and Sixth Causes of Action)

21.    Plaintiff's first and second (discrimination), third and fourth (failure to provide accommodations and failure to engage in the interactive process), fifth (retaliation) and sixth (failure to take steps to prevent discrimination) causes of action fail to the extent Plaintiff failed to request a reasonable accommodation that would have enabled her to perform the essential duties of her job.

### TWENTY-SECOND DEFENSE

### (No Reasonable Accommodation Existed - First,

### Second, Third, Fourth, Fifth and Sixth Causes of Action)

22.    Plaintiff's first and second (discrimination), third and fourth (failure to provide accommodations and failure to engage in the interactive process), fifth (retaliation) and sixth (failure to take steps to prevent discrimination) causes of action fail to the extent that no reasonable accommodation existed that would have enabled Plaintiff to perform the essential duties of her job.

### TWENTY-THIRD DEFENSE

### (Accommodation Requested Not Reasonable - First,

### Second, Third, Fourth, Fifth and Sixth Causes of Action)

23.    Plaintiff's first and second (discrimination), third and fourth (failure to provide accommodations and failure to engage in the interactive process), fifth (retaliation) and sixth (failure to take steps to prevent discrimination) causes of action fail to the extent that the alleged accommodation requested by Plaintiff was not reasonable.

6

18125510v.3

## TWENTY-FOURTH DEFENSE

### (Undue Hardship - First,

### Second, Third, Fourth, Fifth and Sixth Causes of Action)

24.    Plaintiff's first and second (discrimination), third and fourth (failure to provide accommodations and failure to engage in the interactive process), fifth (retaliation) and sixth (failure to take steps to prevent discrimination) causes of action fail to the extent that the accommodation(s) Plaintiff requested would have imposed an undue hardship on Defendant.

## TWENTY-FIFTH DEFENSE

### (Interactive Process - Lack of Good Faith - First,

### Second, Third, Fourth, Fifth and Sixth Causes of Action)

25.    Plaintiff's first and second (discrimination), third and fourth (failure to provide accommodations and failure to engage in the interactive process), fifth (retaliation) and sixth (failure to take steps to prevent discrimination) causes of action fail to the extent that Plaintiff failed to make a good faith effort to engage in the interactive process.

## TWENTY-SIXTH DEFENSE

### (Failure to Exhaust Administrative Remedies - First,

### Second, Third, Fourth, Fifth and Sixth Causes of Action)

26.    Plaintiff's first and second (discrimination), third and fourth (failure to provide accommodations and failure to engage in the interactive process), fifth (retaliation) and sixth (failure to take steps to prevent discrimination) causes of action are barred to the extent she failed to exhaust required administrative remedies pursuant to California Government Code sections 12960 and 12965, and all other applicable laws.

## TWENTY-SEVENTH DEFENSE

### (No Reasonable Expectation of Privacy - Eighth Cause of Action)

27.    Plaintiff's eighth cause of action (invasion of privacy) fails to the extent that Plaintiff has no reasonable expectation of privacy in the workplace.

ANSWER TO COMPLAINT FOR DAMAGES

18125510v.3

**ADDITIONAL RESPONSE**

Defendant currently has insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, defenses, based upon the allegations in the Complaint. Defendant reserves the right to assert additional defenses in the event discovery indicates additional defenses are appropriate.

**PRAYER**

WHEREFORE, Defendant prays for judgment as follows:

1.      That Plaintiff take nothing by her Complaint;

2.      That judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.      That Defendant be awarded reasonable attorney's fees according to proof;

4.      That Defendant be awarded the costs incurred in defending this suit; and

5.      That Defendant be awarded such other and further relief as the Court may deem appropriate.

DATED: October 1 , 2014

Respectfully submitted,

SEYFARTH SHAW LLP

By: _____
    F. Scott Page
    Jennifer Gentin

Attorneys for Defendant
Southern California United Food & Commercial Workers Unions and Food Employers Joint Benefit Funds Administration, LLC

8

18125510v.3

## PROOF OF SERVICE

STATE OF CALIFORNIA       )
                                  ) ss

COUNTY OF Los Angeles     )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On October 3, 2014, I served the within document(s):

### ANSWER TO COMPLAINT FOR DAMAGES

☐ I sent such document from facsimile machines (310) 201-5219 on October 3, 2014. I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by placing the document(s) listed above in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Jay S. Rothman                                ***Attorney for Plaintiff***
JAY S. ROTHMAN & ASSOCIATES
21900 Burbank Blvd., Ste. 210
Woodland Hills, California 91367
Phone: (818) 986-7870
Fax:   (818) 990-3019
Email: lawyers@jayrothman.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on October 3, 2014, at Los Angeles, California.

_____
Kelley Lehr

18144489v.1

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, California 90067-3021. On October 6, 2014, I served the within document(s):

## DEFENDANT'S NOTICE OF REMOVAL
## PURSUANT TO 28 U.S.C. § 1441(b) (FEDERAL QUESTION)

☐ I sent such document from facsimile machines (310) 201-5219 on October 6, 2014. I certify that said transmission was completed and that all pages were received and that a report was generated by said facsimile machine which confirms said transmission and receipt. I, thereafter, mailed a copy to the interested party(ies) in this action by placing a true copy thereof enclosed in sealed envelope(s) addressed to the parties listed below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California, addressed as set forth below.

☒ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at Los Angeles, California, addressed as set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☒ electronically by using the Court's ECF/CM System.

Jay S. Rothman                          ***Attorney for Plaintiff***
Jay S. Rothman & Associates
21900 Burbank Blvd., Suite 210
Woodland Hills, CA 91367
Telephone: (818) 986-7870
Facsimile: (818) 990-3019
Email: lawyers@jayrothman.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

CERTIFICATE OF SERVICE

18132954v.1

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on October 6, 2014, at Los Angeles, California.

Kelley Lehr

18132954v.1

CERTIFICATE OF SERVICE